**Petition of MIRANDA.**

No. 490043.

United States District Court
E. D. New York.

April 8, 1953.

Vincent J. Cuti, New York City, for petitioner.

Harry Addelson, Brooklyn, N. Y., U. S. Naturalization Examiner.

BYERS, District Judge.

This matter arises upon a contested petition for naturalization; the opposition is based upon the filing with his local Draft Board by the applicant of Selective Service DSS Form 301, being application for relief from military service because he was a native of Columbia, S. A., a neutral nation. The form is dated March 2, 1943 and according to the records seems to have been acted upon nine days later. The petitioner thus availed himself of the means provided by law to enable resident aliens to evade military service in the armed forces of the United States of America.

The fact of signing the form is not in issue. The petitioner testified before the naturalization examiner that he arrived in this country on December 7, 1942 and that he registered for military service; the records of Local Board 24 indicate that the date of his so doing was either February 11 or 17, 1943; also that he signed the said form and filed it.

He now says that he did not then speak English and therefore did not read the paper and that it was not translated or otherwise explained to him, and hence for present purposes it should be disregarded; this means that his present petition should be treated as though he had never signed and filed the form.

To accede to this view would require the Court in effect to rule that Local Board 24 accepted a document which had no valid inception. It must be apparent that to take such a position after the lapse of ten years and in the absence of testimony from the clerk or any member of the Board would constitute an arbitrary ruling upon the methods pursued by the Board in discharging its difficult functions, which is a position that could be justified only under very unusual circumstances.

Such a decision moreover would open the door to an indefinite number of applications having the same end in view which would be supported only by a registrant's assertions, which would doubtless be colored by his own interest in the outcome thereof. It is not believed that the Court is free to indulge in any such elastic construction of its functions.

The Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 303(a), now 454(a), contained the following:

" * * * That any citizen or subject of a neutral country shall be relieved from liability for training and service under this Act if, prior to his induction into the land or naval forces, he has made application to be relieved from such liability in the manner prescribed by * * * the President, but

any person who makes such application, shall thereafter be debarred from becoming a citizen of the United States."

This petition is said to have been filed on May 5, 1952 under the general provisions of the Nationality Act of 1940, as amended, which calls attention to the Immigration and Nationality Act of December 24, 1952, 8 U.S.C.A. § 1101 et seq., Public Law 414, 82d Congress, Chapter 477, which may be quoted as follows:

"Savings Clause

"Sec. 405(b) Except as otherwise specifically provided in title III, any petition for naturalization heretofore filed which may be pending at the time this Act shall take effect shall be heard and determined in accordance with the requirements of law in effect when such petition was filed." 8 U.S. C.A. § 1101 note.

Section 315 reads as follows:

"Sec. 315(a) Notwithstanding the provisions of section 405(b); any alien who applies or has applied for exemption or discharge from training or service in the Armed Forces or in the National Security Training Corps of the United States on the ground that he is an alien, and is or was relieved or discharged from such training or service on such ground, shall be permanently ineligible to become a citizen of the United States.

"(b) The records of the Selective Service System or of the National Military Establishment shall be conclusive as to whether an alien was relieved or discharged from such liability for training or service because he was an alien."

Section 101(a) (19) of the same statute reads:

"The term 'ineligible to citizenship,' when used in reference to any individual, means, notwithstanding the provisions of any treaty relating to military service, an individual who is, or was at any time, permanently debarred from becoming a citizen of the United

States under section 3(a) of the Selective Training and Service Act of 1940, as amended (54 Stat. 885; 55 Stat. 844), or under section 4(a) of the Selective Service Act of 1948, as amended (62 Stat. 605; 65 Stat. 76), or under any section of this Act, or any other Act, or under any law amendatory of, supplementary to, or in substitution for, any of such sections or Acts."

The petitioner relies upon Moser v. U. S., 341 U.S. 41, 71 S.Ct. 553, 95 L.Ed. 729, which involves matters provided for in a treaty between the United States and Switzerland, and no such question is presented in this record.

From all of which it appears that the pending petition must be denied, and it is so ordered.