### Petition for Naturalization of Edward CORONADO.
### No. 494587.

United States District Court
E. D. New York.
May 17, 1954.

Jeanette K. Johnson, New York City, for petitioner.

'Harry Addelson, United States Naturalization Examiner, Brooklyn, N. Y., in opposition.

RAYFIEL, District Judge.

On October 1, 1952, under the provisions of section 310(b) of the Nationality Act of 1940, as amended,[1] Edward Coronado filed his petition for naturalization. It is opposed on the ground that the petitioner, on or about August 19, 1942, executed and duly filed with his Draft Board a document known as Selective Service Form 304, designated as "Alien's Personal History and Statement", wherein he asserted, among other things, the following: "I do object to service in the land or naval forces of the United States", and on the same day filed with said Board Selective Service Form 301, wherein he stated that he then was a citizen of Peru, gave his alien registration number, and said: "I do hereby make application to be relieved from liability for training and service in the land or naval forces of the United States, under the Selective Training and Service Act of 1940, as amended [50 U.S.C.A. Appendix, § 301 et seq.], in accordance with the act of Congress, approved December 20, 1941. I understand that the making of this application to be relieved from such liability will debar me from becoming a citizen of the United States * * *."

By reason of the filing of the aforementioned documents petitioner's Draft Board, on November 2, 1942, placed him in class 4–C, as a person entitled to relief from military training and service on the ground of alienage.

The petitioner admits that he executed and filed the aforementioned documents but claims that at the time of the execution thereof he was unable to read, write or speak the English language, was not informed as to the contents thereof, or the consequences of the signing and filing of same. He was about 35 years of age at the time and had been in this country continuously for a period of 18 years immediately prior thereto. He claims that during that period his fellow employees and social companions were Spanish-speaking people, but one would be credulous indeed to believe that during such a long period of time he had not acquired a knowledge of the English language sufficient to enable him to understand and make adequate answer to the relatively simple questions contained in the aforementioned documents. In addition, the record herein discloses that on his visits to his Draft Board including the occasion when he executed the documents in question, he was accompanied by an English-speaking representative of the Peruvian Consul in New York. At the hearing on his petition for naturalization he testified understandably in English. To give credence to petitioner's claim of inability to understand the nature and import of the aforementioned documents would, as Judge Byers said in the case of Petition of Miranda, D.C., 111 F.Supp. 481, involving substantially similar facts: "require the Court in effect to rule that Local Board 24 accepted a document which had no valid inception * * *. Such a decision would open the door to an indefinite number of applications having the same end in view which would be supported only by a registrant's assertions, which would doubtless be colored by his own interest in the outcome thereof." I choose instead to believe that the Draft Board authorities exercised due care in their consideration of petitioner's application for the relief provided for by Selective Service Forms 201 and 304 hereinabove referred to.

Accordingly, the petition for naturalization herein is denied.

Settle order on notice.

1. Now Immigration and Nationality Act of 1952, § 319, 8 U.S.C.A. § 1430(a).